ORRIN STEVENS *vs.* THOMAS L. ROBINSON.

Oxford. Opinion June 24, 1881.

*Deed. Fraudulent conveyance. Fraud in fact.*

As the law now stands in this State there is no such thing as fraud in law as distinguished from fraud in fact.

A voluntary conveyance to a relative by an insolvent person, though *prima facie* evidence of fraud, is not void unless it is in fact tainted by fraudulent intent.

The cases of *Wescott* v. *McDonald*, 22 Maine, 407, and *McLean* v. *Weeks*, 65 Maine, 425, considered in the opinion.

ON REPORT.

A writ of entry to recover a parcel of real estate situated in Oxford.

Plea, general issue, and brief statement claiming title in the defendant.

The opinion states the facts.

The law court was to render such judgment as the rights of the parties required.

*Enoch Foster, Jr.* and *George Hazen* for the plaintiff, cited : *Wyman* v. *Brown,* 50 Maine, 143 ; R. S., c. 104, § 4 ; *Morse* v. *Sleeper,* 58 Maine, 335 ; *Marwick* v. *Andrews,* 25 Maine, 530 ; *Hovey* v. *Hobson,* 51 Maine, 66 ; R. S., c. 73, § 1, *Austin* v. *Stevens,* 24 Maine, 526 ; *Kingsbury* v. *Wild,* 3 N. H. 32 ; *Gore* v. *Brazier,* 3 Mass. 541 ; *Bigelow* v. *Jones,* 4 Mass. 513 ; *Wildridge* v. *Patterson,* 15 Mass. 151 ; *Drinkwater* v. *Drinkwater,* 4 Mass. 359 ; *Scott* v. *Hancock,* 13 Mass. 163 ; R. S., c. 71, § 22 ; *Howe* v. *Ward,* 4 Maine, 195 ; *Bates* v. *Avery,* 59 Maine, 354 ; *Arnold* v. *Sabin,* 1 Cush. 525 ; *Wells* v. *Child,* 12 Allen, 332 ; *Yeomans* v. *Brown,* 8 Met. 51 ; *Tenney* v. *Poor,* 14 Gray, 500.

Polly Davis, the deceased insolvent, at the time of her death was owing various creditors, in all amounting to $118.09,— $41.09 of which appears to have been presented and proved before the commissioners of insolvency, and the balance was due to C. F. Durrell, thirty dollars, and Orrin Stevens, forty-seven dollars.

The forty-seven dollars of Dr. Stevens was a preferred claim, and, as he testifies, was due him at the time of the conveyance from Polly Davis to Sarah J. Davis, and it does not appear in the list of claims proved before the commissioners.

The only property or assets that ever came to the hands of the administrator was the real estate named in the inventory, being the premises conveyed by the deceased without consideration to Sarah J. Davis, the same sold by the administrator, and the same sued for in this action.

The sale of the premises was by virtue of that section of the statute hereinbefore named, as "lands fraudulently conveyed."

We respectfully submit to the court that the word "fraudulently," as used in this connection, does not mean or necessarily import any moral turpitude, or premeditated fraud, but that legal fraud which results from the transactions of a party, as in this case, where the conveyance is fraudulent as to creditors. That this is the true construction of the statute is conclusively settled in the following cases : *Wescott* v. *McDonald,* 22 Maine, 407 ; *McLean* v. *Weeks,* 65 Maine, 425 ; *Norton* v. *Norton,* 5 Cush. 528.

*Black and Holt,* for the defendant, cited : *French* v. *Holmes,* 67 Maine, 186, and cases cited.; *Seward* v. *Jackson,* 8 Cow. 406 ; R. S., c. 103, § 6 ; *Usher* v. *Richardson,* 29 Maine, 415 ; *French* v. *Peters,* 33 Maine, 396 ; *Adams* v. *Palmer,* 51 Maine, 487 ; *Fowler* v. *Shearer,* 7 Mass. 19 ; *Stearns* v. *Swift,* 8 Pick. 533.

BARROWS, J. The demandant claims in this action to recover a small lot of land in Oxford with a building thereon occupied as a dwelling house, upon testimony which may be regarded as establishing the following facts.

Demandant is a creditor of one Polly Davis, who died insolvent January 5, 1877. His claim is a preferred one amounting to about fifty dollars ; and other claims against her estate amounting to between. forty and fifty dollars were duly proved before the commissioners of insolvency appointed by the judge of probate.

The only property inventoried was the above named piece of real estate appraised at $150. Upon due proceedings in probate court the administrator was licensed in August, 1877, to sell the whole of the real estate for the payment of debts and charges of administration ; and in regular course of proceeding upon proper notice sold the same at auction to the demandant for fifty dollars in November, 1877, and gave him a deed in proper form dated January 14, 1878, which constitutes the demandant's title. Polly Davis' title to the demanded premises accrued November 22, 1872, by deed from her daughter Elizabeth Morse. The consid-

eration was $42.50, paid in four notes for $10.63 each; two of which were outstanding in the hands of an indorsee when Polly Davis died. The house was built some twelve or more years ago; by whom does not distinctly appear, but it was prior to the conveyances about to be mentioned, and although their legal effect was to convey the building if it was owned by the grantor, it seems to have been all along regarded in the bargains as the personal property of some third party and distinct from the land. It was occupied by James B. Davis, a son of Polly Davis, and his family, by Polly herself and her daughter Mrs. Morse and her husband. The lot, originally twice as large as it is now, was conveyed by one Jones to Mrs. Morse, and she conveyed the half upon which the house stood to Polly Davis in consideration of $42.50 as before stated. We think the fair inference from all the testimony is that the building was erected by James B. Davis with the consent of the owner of the land, and that Polly Davis took the conveyance from Mrs. Morse at James' request for the purpose of keeping it out of the reach of possible creditors of James.

About a month before Polly Davis' death she conveyed the lot at James' request to James' wife, so far as appears without any pecuniary consideration. In March, 1877, before administration granted on Polly Davis' estate, the defendant, bargaining with James B. Davis, received, for a fair and adequate consideration, a deed of the premises from Davis' wife which constitutes his title.

The defendant seems to have stipulated that a bill which he had against James' wife, and one of six or seven dollars against James himself, and one of four dollars contracted by Polly Davis, but left by her for a younger son to pay, should be allowed to him in part payment of the consideration, and to this James agreed. The defendant also seems to have required James to pay the outstanding notes given by Polly Davis to Mrs. Morse for the land, and this was done.

The defendant forthwith made expensive improvements, laying out much more than the original cost in improving the building. We are satisfied that he bought in good faith, with no design of

defrauding Polly Davis' creditors, or any knowledge that they had any just claim upon the premises, for the extinguishment of which he did not provide.

Hereupon the defendant contends that there was no fraud as against Polly Davis' creditors in the conveyance from her to her son's wife; and that in any event, he, himself, having purchased in good faith and for value from Polly Davis' grantee, is protected from any imputation of fraud in the conveyance to his grantor, and so has the better title.

The demandant insists that the conveyance made by Polly Davis a month before her death (when she was doubtless insolvent unless this piece of real estate could be appropriated for the payment of her debts,) was legally fraudulent as to her existing creditors, and that it is not necessary to show any actual fraudulent intention on her part or that of her grantee ; and that although the defendant, if he had made the purchase in good faith from her grantee before her death would have got a good title, inasmuch as he did not purchase until after her death, he took his title subject to the lien of her creditors, and the liability to a sale by her administrator under the statute authorizing a sale for the payment of debts of all lands fraudulently conveyed by the deceased.

Whether the statute subjects property, which at the time of the death of the insolvent grantor is still in the possession of his fraudulent grantee, to a sale for the payment of the insolvent's debts as effectually as if it went into the possession of his heir or devisee, is a question which we need not now decide. The demandant's counsel makes a strong argument on this point, apparently well supported by the authorities he cites, in favor of the proposition which he seeks to maintain. But the difficulty in the way of his recovery in the present action lies deeper. If he would prevail he must first establish the fraudulent character of Polly Davis' conveyance to the defendant's grantor.

Counsel does not claim that there was any "premeditated fraud," but founds on what he calls a "legal fraud," which he says appears in the conveyance of this property by Polly Davis at her son's request to his wife without consideration when she had not property sufficient to pay her own debts.

He quotes to support this position, the law as laid down by SHEPLEY, J., in *Wescott* v. *McDonald*, 22 Maine, 407, thus: "The object of the statute was to enable creditors through the action of the administrator to obtain their debts out of the estate in all cases where they were by law entitled to consider the conveyances fraudulent as against them. And conveyances may be fraudulent as against them without proof of actual fraud when made without any valuable consideration received therefor. There is no reason to believe that those terms were used by the legislature with the intention to include actual only and not constructive fraudulent conveyances." Demandant relies also upon *Norton* v. *Norton*, 5 Cush. 528, where the court say that "the conveyance of property by way of gift by one deeply in debt if thereby he becomes incapacitated to pay his debts, is legally fraudulent as to his creditors," and "may be deemed in law fraudulent though no such fraudulent intention existed in the mind of the grantor, he not properly considering the amount of his indebtedness, or the extent of his assets;" and upon *McLean* v. *Weeks*, 65 Maine, 415, 425 where a similar doctrine seems to have been recognized. But these notions are obsolete.

The law as it now stands in this State is found in *French* v. *Holmes*, 67 Maine, 189, 193, where it is held that "where a creditor contests a gift, sale, or conveyance by his debtor as fraudulent, the question of fraud is a matter of fact to be determined by a jury;" that "in case of a voluntary conveyance the question should be submitted to the jury to determine whether or not it was made with an *intention* to defraud creditors;" that, although a gift of his property by an insolvent debtor is *prima facie* fraudulent as against existing creditors, still, "in the case of a voluntary conveyance as much as in other cases the question is as to *actual* fraud which must be passed upon by the jury;" that, "there is no such thing as fraud in law as distinguished from fraud in fact; that, the want of consideration is simply a circumstance bearing upon the question of fraud which is a fact for the jury;" that, "mere indebtedness is not sufficient to render a voluntary conveyance void. Whether it is fraudulent or not is to be determined by the jury upon a full knowledge of all the facts and circumstances of the case."

As before observed, it is not claimed on the part of the demandant that there was actual or premeditated fraud on the part of Polly Davis in making the conveyance under which the defendant derives title.

If it were claimed, and if, (without any express stipulation in the report that the court shall have power to draw inferences as a jury might,) we should consider the question of fraud in fact upon such "knowledge of all the facts and circumstances" as we have, we should find it impossible to say that this conveyance of Polly Davis, whose equitable interest in the premises seems never to have exceeded the small amount of the notes which she gave for the land, was made with the intent of defrauding her creditors.

It seems rather to have been in the execution of a trust which she assumed at the request of her son who paid the notes which she gave, in fact had paid part of them (as appears by the testimony of his wife) when the conveyance was made, and at that time seems to have assumed the remainder. "We were agoing to pay for the land," says the witness. It is plain that it would require all the strictness of the old doctrines and something more to make this conveyance a fraud upon Polly Davis' creditors.

Much of the testimony which would ordinarily be inadmissible in a real action is competent so far as it discloses "facts and circumstances" bearing upon the question whether there was or was not actual fraud in this conveyance.

With this view of the law and facts, the foundation of the plaintiff's claim disappears.

*Judgment for defendant.*

APPLETON, C. J., WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.